UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHAWN D.,

    Plaintiff,                                               Case No. 3:20-cv-390

vs.

COMMISSIONER OF THE SOCIAL        District Judge Michael J. Newman
SECURITY ADMINISTRATION,            Magistrate Judge Carolyn H. Gentry

    Defendant.

_____

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING; AND (2) TERMINATING THIS CASE ON THE DOCKET**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (Doc. No. 10), the Commissioner's memorandum in opposition (Doc. No. 13), Plaintiff's reply (Doc. No. 14), the administrative record (Doc. No. 9),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB and SSI on September 18, 2017, alleging a disability onset date of January 7, 2017, which she later amended to August 1, 2014. PageID 51, 661. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, borderline

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical ... and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

intellectual functioning, attention deficit hyperactivity disorder, adaptive disorder, severe anxiety, and a speech impediment. PageID 60, 86, 247.

Plaintiff received a hearing before ALJ Kevin R. Barnes on August 13, 2019. PageID 78-99. The ALJ issued a written decision on August 27, 2019, finding Plaintiff not disabled. PageID 57-66. Specifically, the ALJ found at Step Five of the sequential benefits evaluation, *see infra.*, § II(B), that, based upon Plaintiff's residual functional capacity ("RFC") to perform work at all exertional levels,[3] with certain limitations, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." PageID 65.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 43-45; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 57-66), Plaintiff's Statement of Errors (Doc. No. 10), the Commissioner's memorandum in opposition (Doc. No. 13), and Plaintiff's reply (Doc. No. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. *Id.* § 404.1567(c). An individual who can perform medium work is presumed also able to perform light work. *Id.* Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether substantial evidence supports the ALJ's non-disability finding, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. §§ 423(a)(1), 1382(a). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging

in "substantial gainful activity" that is available in the regional or national economies. *Id*. §§ 423(d)(1), 1382c(a)(3).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work—and also considering the claimant's age, education, past work experience, and RFC—do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues the ALJ erred in evaluating the medical source opinions of record—particularly, the opinions of his treating physician, Irfan Dahar, M.D., and the state-agency reviewing consultants. PageID 729-36, 759-67. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered all medical evidence;

properly weighed opinion evidence based upon reasons supported by substantial evidence (including the opinions of Dr. Dahar and the state-agency reviewing consultants); reasonably assessed the consistency of Plaintiff's statements regarding his disability with the record as a whole; accurately determined Plaintiff's RFC; posed appropriate hypothetical questions to the Vocational Expert ("VE"); and appropriately concluded, at Step Five (and in reliance on the VE's sworn testimony), that Plaintiff can perform a significant number of jobs that exist in the national economy.

**IV.**

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   March 28, 2022                           s/Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge